IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

UNITED STATES OF AMERICA                                            PLAINTIFF

v.                           Case No. 3:15-CR-30018

MICHAEL G. NORRIS                                                    DEFENDANT

## OPINION AND ORDER

On November 3, 2015, following a bench trial before United States Magistrate Judge Mark E. Ford, Defendant Michael G. Norris was convicted of four offenses: (1) carrying or storing an open container of alcoholic beverage in a motor vehicle in a park area, in violation of 36 C.F.R. § 4.14(b); (2) failure to wear a properly-fastened safety belt in a motor vehicle in motion in a park area, in violation of 36 C.F.R. § 4.15(a); (3) operating a motor vehicle under the influence of alcohol to a degree that renders the operator incapable of safe operation, in violation of 36 C.F.R. § 4.23(a)(1); and (4) refusal to submit to a breath test, in violation of 36 C.F.R. § 4.23(c)(1).

Currently before the Court is Norris's appeal (Doc. 5) of the judgment (Doc. 4) entered against him. Norris filed a brief in support (Doc. 11) of his appeal, and the Government filed a response (Doc. 13) to Norris's brief. Pursuant to 18 U.S.C. § 3402 and Federal Rule of Criminal Procedure 58(g)(2)(B), Norris appeals his conviction for violating 36 C.F.R. § 4.23(a)(1) ("Count 3") on the grounds that the evidence against him was insufficient.

**I.    Legal Standard**

In an appeal from a magistrate judge's order or judgment, the Defendant is not entitled to a trial de novo, but instead "[t]he scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58(g)(2)(D). Factual findings made by the magistrate judge must stand unless they are clearly erroneous. *United States*

*v. Marley*, 549 F.2d 561, 563 (8th Cir. 1977).  Because Norris challenges the sufficiency of the evidence after a bench trial, the Court reviews the evidence "in the light most favorable to the verdict, upholding the verdict if a reasonable factfinder could find the offense proved beyond a reasonable doubt, even if the evidence rationally supports two conflicting hypotheses." *United States v. Morris*, 791 F.3d 910, 913 (8th Cir. 2015) (quotation omitted).  Reversal is proper only if the factfinder "must have had a reasonable doubt concerning one of the essential elements of the crime." *United States v. Huggans*, 650 F.3d 1210, 1222 (8th Cir. 2011) (quotation omitted).  The concept of "reasonable doubt" does not lend itself to an easy and exact definition, but this Court instructs jurors in criminal matters in part that a reasonable doubt is doubt based upon reason and common sense, not speculation, and proof beyond a reasonable doubt is proof that leaves a factfinder "firmly convinced of the defendant's guilt." *See* Eighth Circuit Manual of Model Jury Instructions (Criminal) § 3.11 (2014).

## II.     Analysis

Norris was convicted of violating 36 C.F.R. § 4.23(a)(1), which prohibits "[o]perating or being in actual physical control of a motor vehicle . . . while . . . [u]nder the influence of alcohol, or a drug, or drugs, or any combination thereof, to a degree that renders the operator incapable of safe operation."  As the violation was charged against Norris, this conviction required the magistrate judge to find beyond a reasonable doubt that: (1) Norris was operating or in actual physical control of a motor vehicle; (2) Norris was under the influence of alcohol at that time; and (3) the influence of alcohol rendered Norris incapable of safely operating the vehicle.  Norris's challenge to the sufficiency of the evidence focuses on this third element and argues that the magistrate judge must have had a reasonable doubt that Norris was so under the influence of alcohol that he was incapable of safe operation.

The Court has reviewed the trial transcript. (Doc. 9). Though no party appears to have requested it on the record, the magistrate judge stated his specific findings of fact in open court, pursuant to Federal Rule of Criminal Procedure 23(c). In making his findings of fact and rulings of law on Count 3, the magistrate judge considered evidence that Norris had been drinking on June 26, 2015, including Norris's own admission. The magistrate judge also considered evidence of Norris's operation of his vehicle to the extent that evidence demonstrated Norris was operating a vehicle. The magistrate judge reasonably found the first two elements of the crime—that Norris was under the influence of alcohol and operating a motor vehicle—were demonstrated beyond a reasonable doubt. With respect to the third element, however, it appears from the record that the magistrate judge neglected to consider whether Norris was under the influence of alcohol to a degree that he was incapable of safely operating his vehicle. For example, the magistrate judge specifically disregarded as not "particularly significant" evidence concerning Norris's actual operation of the vehicle. (Doc. 9, p. 63:16-22). Nevertheless, because no Rule 23(c) request appears on the record, specific findings were waived. Out of deference to the factfinder, the Court will "imply findings to support the judgment if the evidence, viewed in a light most favorable to the government, so warrants." *United States v. Ochoa*, 526 F.2d 1278, 1282 n.6 (5th Cir. 1976).

Assuming, then, that the magistrate found that Norris was under the influence of alcohol to the degree that he was incapable of safely operating his vehicle, the verdict must stand unless the Court finds the evidence so insufficient that a rational factfinder must have had a reasonable doubt as to this element. The Court makes this finding.

The Government's witness, Ranger Kevin Moses, testified that he first encountered Norris while Norris was operating his vehicle while attempting to help another vehicle stuck in the sand, and Moses, driving nearby, noticed Norris was not wearing a seatbelt. (Doc. 9, pp. 5:15-21, 21:10-

23). Moses also testified that Norris had "kind of done the four-point turn" before Moses reached Norris to talk to him. (*Id*., p. 22:2-6). Moses also testified that he asked Norris to back up his vehicle about 50 feet, and that Norris did so without any problem. (*Id*., pp. 23:12). At no point did Moses testify that Norris operated his vehicle in an unsafe manner. This alone—that Norris was operating his vehicle in such a manner that Moses was comfortable asking Norris to continue to operate it—would have raised a reasonable doubt that Norris was under the influence of alcohol to a degree that he was incapable of safely operating the vehicle.

The magistrate discounted evidence of Norris's actual operation of the vehicle, however, and relied on field sobriety tests Moses administered to Norris, the number of drinks Norris consumed, and Norris's presentation. The field sobriety tests Moses administered are insufficient evidence and do not support a conflicting hypothesis that Norris was so under the influence of alcohol that he was incapable of safely operating his vehicle. This evidence, too, must have led to reasonable doubt. Moses testified that Norris failed a horizontal gaze nystagmus test, which can indicate alcohol impairment. (*Id*., p. 10:4–11:2). Moses also testified, however, that some people have an involuntary condition that would cause them to fail a horizontal gaze nystagmus test even if they are not impaired by alcohol, (*Id*., p. 36:6-16); that Norris did not exhibit any indicators of impairment during a vertical nystagmus test, (*Id*., p. 35:12-21); and that Norris was able to maintain his balance and hold his head still during these tests, (*Id*., p. 38:22–39:24). In addition to the nystagmus tests, Moses testified that he administered a walk and turn test and a one leg stand test, and that Norris exhibited clues of impairment during these tests. (*Id*., pp. 12:6–13:21). However, Moses testified that he administered these tests to Norris on soft sand, (Id. p. 14:4-5), even though the tests should be administered on a hard, dry surface, (*Id*., pp. 30:22–31:6); and that Moses did so despite having been told by Norris that Norris had a two-inch rod in his spine that

4

might affect his ability to successfully complete those tests, (*Id*. pp. 31:7–32:5). Moses also testified that Norris had no problems retrieving his driver's license for Moses, (*Id*. p. 24:12-19), and that Norris was able to exit his vehicle and follow Moses to the patrol car without incident. (*Id*., pp. 25:23–26:14).

With respect to the number of drinks Norris had consumed—five that day[1]—there was no evidence presented concerning when those drinks were consumed that would support a finding beyond a reasonable doubt that Norris was incapable of safely operating a vehicle, especially in light of the reasonable doubt that is compelled by the other evidence. With respect to Norris's physical presentation, there is no question that he had consumed alcohol, and his physical presentation supports that finding. In light of evidence of Norris's medical impairment, and the sandbar conditions, his physical presentation is insufficient evidence that he was incapable of safely operating a vehicle.

Though a rational factfinder considering all of the evidence might have found that the preponderance of the evidence demonstrated that Norris was so under the influence of alcohol that he was incapable of safely operating a motor vehicle, for the reasons set forth above, the Court finds that a rational factfinder must still have had a reasonable doubt as to that element, and therefore that the evidence was insufficient to support Norris's conviction on Count 3.

## III.   Conclusion

IT IS THEREFORE ORDERED that the December 15, 2015 conviction of Michael G. Norris on Count 3 for violating 36 C.F.R. § 4.23(a)(1) is REVERSED due to insufficient evidence.

---

[1] The fifth drink—a can of Bud Light—was open in the vehicle, cold to the touch, and only partially consumed. (Doc. 9, p. 25: 5-13).

IT IS SO ORDERED this 30th day of December, 2016.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE